IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER JAMES, III, <br> Reg. No. 10008-002, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:22-CV-525-RAH-KFP |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the Court on Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons below, the Magistrate Judge recommends that the § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.  BACKGROUND**

On August 17, 2020, Petitioner pleaded guilty pursuant to a plea agreement to one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 in relation to a scheme to defraud Montgomery Public Schools ("MPS"). Crim Docs. 11, 16. The information alleged that Petitioner prepared false invoices for professional development and consulting services for the benefit of MPS employees or students that were never provided to MPS. Crim. Doc. 1. Petitioner submitted these invoices to School A or directly to the MPS central

---

[1] References to documents filed in this case are designated as "Civ. Doc." References to documents assigned in the underlying criminal case (Case No. 2:20-cr-76-RAH-KFP), are designated as "Crim. Doc." Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system.

office via hand delivery or email delivery to an employee in the MPS central office. *Id.* at 3. After an employee of the MPS central office processed, approved, and submitted the false invoices, MPS generated checks drawn on various MPS bank accounts made payable to the vendors listed on Petitioner's false invoices. *Id.* Petitioner took possession of the checks and deposited or caused them to be deposited to his credit union checking account. *Id.* at 3–4.

The plea agreement to which Petitioner agreed contained a provision waiving his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. Crim. Doc. 1 at 9. On August 10, 2021, Petitioner was sentenced to 60 months in prison followed by three years of supervised release and was ordered to pay $341,867.55 in restitution. Crim Doc. 67. The court entered its judgment that same day. *Id.* Petitioner did not appeal.

On August 24, 2021, Petitioner, through counsel, filed a Motion to Reconsider and Amend Sentencing Order based largely on Petitioner's "numerous mental conditions" that require treatment. Crim. Doc. 69. The motion requested that the district court modify Petitioner's sentence by ordering him to serve his imprisonment term on house arrest and ankle monitoring combined with intensive mental health treatment or, alternatively, order a reduction in Petitioner's sentence to serve 30 months in the custody of the Federal Bureau of Prisons with the remainder of his sentence served on house arrest. *Id.* at 5. On review of the motion, which the district court construed as one filed under Rule 35(a) of the Federal Rules of Criminal Procedure, the court denied Petitioner's request for modification of his sentence. Crim. Doc. 72.

On August 31, 2022, Petitioner, proceeding pro se, filed this § 2255 motion[2] presenting substantive claims related to his sentence and claims of ineffective assistance of counsel. Doc. 1. The Government responds that Petitioner's § 2255 motion is (1) barred by the collateral attack waivers in his plea agreement to the extent it raises substantive claims related to his sentence, (2) time-barred under the AEDPA's one-year limitation, 28 U.S.C. § 2255(f), and (3) without legal merit regarding his allegations of ineffective assistance of counsel. Civ. Doc. 10 at 7–9. Petitioner filed a response to the Government's brief. Doc. 16.

## II.   DISCUSSION

### A.   Statute of Limitations for § 2255 Motions

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Although Petitioner's motion was stamped "received" in this court on September 6, 2022, under the prison mailbox rule, the Court deems his motion filed on August 31, 2022—the date he signed it and presumably placed it in the prison mailing system. Doc. 1 at 34. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the district court entered judgment in Petitioner's case on August 10, 2021. Petitioner did not appeal. When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Petitioner had fourteen days from the date of judgment of conviction to file an appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Therefore, Petitioner's judgment of conviction became final on August 24, 2021, upon expiration of the 14-day appeal window from the court's entry of judgment. Under 28 U.S.C. § 2255(f)(1), Petitioner had until August 24, 2022, to file his § 2255 motion. He filed his § 2255 motion on August 31, 2022.

Petitioner argues his August 24 motion to reconsider and amend sentencing order falls under Rule 59(e) of the Federal Rules of Civil Procedure and extended the time to file an appeal. Civ. Doc. 16 at 17–19. As a result, Petitioner contends the time to file an appeal of his August 10 judgment did not begin until September 2, 2021, "the day after the district court denied the Rule 35 motion." *Id.* at 18. Thus, Petitioner insists his § 2255 motion was timely when filed on August 31, 2022. *Id.* at 18–19.

The Court finds unavailing Petitioner's assertion that his motion to reconsider and amend sentencing order extended the time to appeal his criminal judgment. Although the Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration in criminal cases, *see United States v. Phillips*, 597 F.3d 1190, 1199 (11th

4

Cir. 2010), Petitioner is correct that the Supreme Court has held that a motion for reconsideration extends the time for filing notice of appeal.[3] Civ. Doc. 16 at 17. However, the decisions Petitioner cites did not involve a motion to modify or correct an imprisonment sentence and "therefore they did not need to address the unambiguous language in § 3582(c)(1)(B) which prohibits a district court from modifying an imprisonment sentence except as 'expressly permitted by statute or by Rule 35.'" *Phillips*, 597 F.3d at 1200. Moreover, a petitioner "cannot recast what is essentially a Rule 35(a) motion as a tolling motion for reconsideration in order to evade the strictures of 18 U.S.C. § 3582 and Rule 35." *U.S. v. Fawcett*, 522 F. App'x 644, 651 (11th Cir. 2013). *See also United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) (citing 18 U.S.C. § 3582) (rejecting defendant's "creative characterization" of his Rule 35(a) motion as a motion for reconsideration and concluding that "[i]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence" given the limited circumstances under § 3582(c) in which a sentence can be modified).

Finally, any argument that Petitioner's motion effected the finality of his judgment is foreclosed by 18 U.S.C. § 3582(b), which provides:

> (b) Effect of finality of judgment. --Notwithstanding the fact that a sentence to imprisonment can subsequently be--
>
> (1) modified pursuant to the provisions of subsection (c);

---

[3] The decisions cited by Petitioner to support this are (1) *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991) (government's motion to reconsider an order suppressing evidence tolls the time for appeal); (2) *United States v. Dieter*, 429 U.S. 6, 7–9 (1976) (government's motion to set aside an order of dismissal tolls the time for appeal); and (3) *United States v. Healy*, 376 U.S. 75, 78–80 (1964) (government's petition for rehearing after the dismissal of indictment tolls the time for appeal).

5

> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582(b).

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances, specifically, "(1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id*. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id*. § 3582(c)(2)." *Phillips*, 597 F.3d at 1195.

Although Petitioner did not expressly refer to Rule 35(a) in his motion to reconsider, that rule is the only authority that could potentially deliver the relief sought in his motion, i.e., modification of his imprisonment term. *Phillips*, 597 F.3d at 1194–95 (holding that "[t]he unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35"); *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (explaining that statutory construction begins with the language of the statute and when

6

that language "provides a clear answer, it ends there as well"). As such, Petitioner's motion had no impact on the "finality" of his "judgment of conviction" and did not alter the "date on which his judgment of conviction became final" for purposes of the statute of limitations in § 2255.[4] *See Murphy*, 634 F.3d at 1308–09 (internal quotation marks and citations omitted) (emphasis in original) (holding that "although a district court may modify a sentence to imprisonment . . . a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*," including AEDPA's statute of limitations, and concluding that because action on motion under Rule 35 "does not affect the finality of the judgment" it does not reset AEDPA's statute of limitations); *see also* F. R. App. P. 4(b)(5) ("The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction.").

Pursuant to § 3582(b), Petitioner's August 10, 2021, judgment of conviction remains his final judgment for purposes of the § 2255 statute of limitations, and he failed to file his § 2255 motion within one year after that date. Because Petitioner's judgment of conviction became final on August 24, 2021, and because his motion to reconsider and

---

[4] Under Rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Eleventh Circuit has held that "the [fourteen]-day limitation contained in Rule 35[(a)] is a jurisdictional restriction." *United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002) (citation omitted). Thus, lack of a ruling on Petitioner's August 24, 2021, motion within fourteen days of imposition of Petitioner's sentence, i.e., on the same day it was filed, August 24 (not fourteen days after Petitioner filed his motion), had the same practical effect as the district court's September 2, 2021, order. *See, e.g., United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001) (holding that "[t]he time limit is jurisdictional . . . and, furthermore, the motion must be *ruled on* by the district court within [fourteen] days, not simply *filed with* the clerk of court during that time") (internal quotation marks and citations omitted); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1030 (9th Cir.1999) (adopting view that "a district court's jurisdiction over a Rule 35[(a)] motion can last no longer than the [fourteen] days that the district court has to act on the motion after the imposition of sentence").

amend sentencing order did not toll the appeal period, Petitioner's § 2255 motion filed on August 31, 2022, is time-barred under the one-year limitation period in 28 U.S.C. § 2255(f)(1).

### B. Statutory Tolling

The provisions of 28 U.S.C. § 2255(f)(2)–(4) provide no basis on which to afford Petitioner a different triggering date so that the one-year limitation period might have commenced on some date later than August 24, 2021, or expired on some date later than August 24, 2022. Petitioner asserts no facts to show that an unlawful governmental action impeded him from filing a timely § 2255 motion, *see* 28 U.S.C. § 2255(f)(2); he presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2255(f)(3); and he presents no claim whose supporting facts could not have been discovered earlier through the exercise of due diligence, *see* 28 U.S.C. § 2255(f)(4). Thus, § 2255(f)(1) provides the limitation period for Petitioner's § 2255 motion. Under that subsection, his motion is untimely. Unless he can show he is entitled to equitable tolling, Petitioner's motion is time-barred by the AEDPA's statute of limitations.

### C. Equitable Tolling

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks and

8

citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011) (citations and internal quotations omitted). "[E]quitable tolling is an extraordinary remedy . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The *petitioner* has the burden of proving entitlement to equitable tolling by showing that extraordinary circumstances that were both beyond his control and unavoidable even with diligence prevented filing the petition on time." *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (emphasis in original) (quotation marks and citation omitted).

Here, Petitioner fails to demonstrate entitlement to equitable tolling. He has not shown an extraordinary circumstance that warrants tolling; he did not act diligently to challenge his criminal judgment by filing a § 2255 motion once the facts underlying his claims were known to him; and he has not indicated actions taken, if any, to protect his right to timely file the instant motion. At most, Petitioner has alleged that, in delaying his own filing of a § 2255 motion until after expiration of the limitation period, he relied on a misunderstanding regarding calculation of the limitation period. As explained, the onus is on Petitioner to show why he did not timely file his § 2255 motion. Garden-variety negligence claims like miscalculating a deadline are insufficient to warrant equitable tolling. *See e.g., Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (stating that equitable tolling does not extend to "a garden variety claim" of neglect). Neither a pro se

litigant's lack of legal knowledge nor a trained lawyer's miscalculation of the limitations period or mistake warrant equitable tolling.[5] *Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013) (citation omitted) (courts do not accept "a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file [a § 2255 motion] in a timely fashion"); *Burton v. Deloach*, No. 2:06-CV-141-W, 2008 WL 2131398, *5 (M.D. Ala. Mar. 13,2008), *report and recommendation adopted*, No. 2:06CV141-WHA, 2008 WL 2131395 (M.D. Ala. May 20, 2008) (finding that "[t]he law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period"); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (holding that "mere attorney negligence does not justify equitable tolling" and "[a]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling"). Thus, Petitioner's mistaken belief about waiting to file his motion does not constitute "extraordinary circumstances" sufficient to toll the limitation period. *See Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1313–14 (11th Cir. 2001).

In short, Petitioner has failed to show due diligence on his part or that the circumstances that led to his late filing were such that he was unable to control them. *See Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1332 (11th Cir. 2008). Petitioner's reliance on his own mistaken belief as to the filing deadline resulted in his untimely § 2255 motion.

---

[5] In his § 2255 motion, Petitioner indicates he obtained a law degree. *See* Doc. 1 at 26.

Because Petitioner has not demonstrated why the one-year limitation period under § 2255(f) should not be imposed on him, he is not excused from complying with the time constraints for filing a § 2255 motion. Consequently, Petitioner's § 2255 motion is time-barred under § 2255(f)(1).

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this 28 U.S.C. § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice as time barred.

It is further ORDERED that by **August 13, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 30th day of July, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE