IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WALTER JAMES, III, ) <br> Reg. No. 10008-002 ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CIVIL ACTION NO. <br> 2:22-CV-525-RAH-KFP |

**ORDER**

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Walter James, III. On July 30, 2024, the Magistrate Judge recommended that this case should be dismissed with prejudice as time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period. On August 13, 2024, James objected to the Magistrate Judge's Recommendation.

When a party objects to a magistrate judge's report and recommendation, the District Court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the District Court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd.*

*of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).  If the party does not object to specific factual findings, the Court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  This Court has reviewed *de novo* those portions of the Report and Recommendation to which James objects and has reviewed the remainder for plain error.

In his objections, James asserts essentially the same arguments as those raised in his § 2255 Motion.  He argues that the Motion to Reconsider and Amend Sentencing Order, in which he sought modification or a reduction of his sentence, tolls the limitations period.  As explained in the Recommendation, although James may have entitled the motion as a "motion to reconsider", the Court construed the motion as a request to correct or reduce sentence pursuant to Federal Rule of Criminal Procedure 35.  A motion filed under Rule 35(a) does not toll the time to appeal. F. R. App. P 4(b)(5).  In the motion filed in his criminal case, James requested that this Court assign him to house arrest or ankle monitoring or to reduce his sentence to 30 months in custody with the remainder on house arrest; this request is a motion to modify his sentence under Rule 35.  A district court only has the authority to modify a sentence through the narrow authority granted under 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c)(1)(B), a court may not modify a sentence of imprisonment except as expressly permitted by statute or Rule 35, and § 3582(c)(1)(B) does not provide for a motion for reconsideration as an exception to

the sentence modification prohibition. *See United States v. Phillips*, 597 F.3d 1190, 1194-97 (11th Cir. 2010). *Cf. United States v. Williams*, No. 21-13790, 2023 WL 1795161, at *2 (11th Cir. Feb. 7, 2023) (per curiam) (determining "*Phillips* is inapplicable because the statutory bar under 18 U.S.C. § 3582(c) was not triggered, as the district court reduced the movant's sentence pursuant to its authority under § 404 of the First Step Act rather than § 3582(c)").

James cites several cases which he believes support his argument that the finality of judgment is postponed until resolution of a post-judgment motion. Several cases cited by James were addressed in the Magistrate Judge's Recommendation and found to be either unavailing because they either did not involve requests to modify a sentence in a criminal case or are in distinct conflict with his position. *See Phillips*, *supra*; *United States v. Ibarra*, 502 U.S. 1 (1991) (Government's motion to reconsider order suppressing evidence tolls the time for appeal); *Murphy v. United States*, 634 F.3d 1303 (11th Cir. 2011) (concluding that because action on a motion under Rule 35 "does not affect the finality of the judgment," it does not reset AEDPA's statute of limitations); *United States v. Fawcett*, 522 F. App'x 644 (11th Cir. 2013) (entitling a Rule 35(a) motion as a motion for reconsideration does not initiate tolling); *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) (rejecting defendant's "creative characterization" of his Rule 35(a) motion as a motion for reconsideration).

In his objections, he also cites a Third Circuit case, *United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003), for the proposition that motions for reconsideration suspend the finality of judgment. Unlike James's case, *Fiorelli* involved a motion filed pursuant to Federal Rule of Criminal Procedure 59(e), where the defendant sought for the district court to relitigate his claim.

James also cites *Ferreira v. Secretary, Dept. of Corr.*, 494 F.3d 1286 (11th Cir. 2007), which concerned the effect of a resentencing on the limitations period in a § 2254 petition. The Eleventh Circuit concluded that when a defendant is resentenced, the defendant is confined under the new judgment, which has the effect of resetting § 2244(d)(1)'s one-year statute of limitations period. The resetting of the clock because of a resentencing is not the issue before this Court. Moreover, James is proceeding under § 2255. Thus, the *Ferreira* decision is inapplicable here.[1]

Upon an independent review of the record and upon consideration of the Recommendation, it is ORDERED that

(1) The Recommendation (Doc. 37) is ADOPTED; and

(2) The § 2255 motion (Doc. 1) is DENIED, and this case is DISMISSED with prejudice.

---

[1] He also maintains *United States v. Barber*, 752 F.3d 855 (11th Cir. 2014), and *United States v. Battle*, 700 F.3d 1213 (11th Cir. 2012), are recent decisions which establish post-judgment motions have a tolling effect. The citations are incorrect.

Furthermore, a certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.*

Because reasonable jurists would not find the denial of Petitioner's § 2255 petition debatable, a certificate of appealability is DENIED.

DONE, on this the 23rd day of August 2024.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE